■ EDWARD LIVINGSTON, an Infant, by JULES E. LIVINGSTON, His Guardian ad Litem, et al., Respondents, et al., Plaintiffs, v. JOHN ZIMMERMAN et al., Appellants, et al., Defendants.— This is an appeal from an order directing the defendants to comply with a prior order providing for the distribution of the proceeds of a judgment in a negligence action. The plaintiff initially obtained an ex parte order directing the turnover of the funds available in partial satisfaction of a judgment theretofore rendered. The defendants' insurance carrier refused to comply with the ex parte order, upon the ground that notices of lien and assignments were filed by a hospital for medical treatment rendered. The plaintiff, asserting that no hospital lien attached, then moved upon notice for an order directing defendants to pay over the sum involved and served the hospital which claimed the lien. Subdivisions 6-a and 10 of section 189 of the Lien Law provide two methods by which parties may determine the validity and the amount of a hospital lien. (See *Irizarry* v. *Pinto*, 284 App. Div. 944.) The procedure specified in the statute was not followed here. Under the circumstances the order is unanimously reversed on the law and in the exercise of discretion and the motion denied, without costs, and without prejudice to a proceeding pursuant to the Lien Law (§ 189) or any other appropriate proceeding. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ BANCO DE LA NACION ARGENTINA, Appellant, v. FIRST NATIONAL CITY BANK OF NEW YORK et al., Defendants, and STRATFORD FACTORS, INC., Respondent.— In view of the affirmative defense in which it is alleged that defendant received the letters of credit " without any knowledge or notice " of infirmity, an examination as to the items disallowed by the Special Term would seem proper. The allegations in the opposing affidavit clearly indicate the necessity for an examination on these items in order to establish whether defendant Stratford participated in, or was aware of the alleged fraudulent acts. The examination should not be limited as directed by the court below to the transactions in suit but should permit inquiry into all transactions involved between Stratford, Magnus and Ratac, subsequent to September, 1956. Order unanimously modified on the law and in the exercise of discretion to the extent of denying the motion to vacate as to Item I (5 through 14, inclusive) and eliminating the provision in the order limiting the examination to the trans-

actions in suit, and, as so modified, the order is affirmed, without costs. Settle order. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.