Louis B. Heller, J.
A motion is made by the plaintiffs’ attorney for an order fixing his fee and fixing the lien of the New York City Health and Hospital Corporation on the proceeds of a settlement of an automobile personal injury action on the grounds that the granting of such relief is "in the interest of justice”.
This is an automobile personal injury action. The accident occurred on November 24, 1968. Plaintiffs’ attorney was retained on May 3, 1972. A prior attorney waived his fee and turned over his file to the present attorney.
In the accident, plaintiff Grace Gale Wade sustained a severe fracture of the right leg, which required four extensive admissions at Kings County Hospital. The total hospital bill was $21,074.94. Part of the bill was paid on behalf of this plaintiff by Associated Hospital Services. There was a balance in the sum of $14,822.64 which was not covered by insurance. This bill is unpaid.
The defendant’s insurance carrier offered its full insurance coverage of $10,000 in settlement. The plaintiff’s attorney states that after investigating that the defendant had no other assets, he advised the plaintiff that it was in her best interests to accept the settlement.
With this assurance from her attorney, the plaintiff ac *824 cepted the settlement, signed a general release, and endorsed the settlement check. As it turns out, without the intervention of the court, the entire $10,000 settlement would go to the plaintiffs attorney and the New York City Health and Hospital Corporation. Thus, there is payable to the attorney under the "sliding scale” retainer agreement, the sum of $3,743.44 plus $18.75 in disbursements for a total sum of $3,762.19. Since the hospital lien amounts to $14,822.64, the $6,237.81 balance of the settlement would go to the New York City Health and Hospital Corporation. On the other hand, the plaintiff who sustained serious and disabling injuries which will probably affect her for the rest of her life, would receive nothing. To prevent such an inequitable division of the settlement proceeds, the court called an informal conference. It was attended by the plaintiff, her attorney, and an attorney for the New York City Health and Hospital Corporation. In the course of the conference, a figure of $3,000 was discussed as a fair share of the settlement for the plaintiff. The court was informed by the plaintiff that she would accept the sum of $3,000 as her just share. The attorney for the "Hospital” offered in behalf of the "Hospital” to reduce its share of the settlement proceeds by $1,500 provided the plaintiffs attorney reduced his fee by a similar $1,500 amount. This offer was confirmed by letter from the Law Department of the City of New York, dated October 12, 1975. By effecting this arrangement, the hospital’s share of the settlement proceeds would be reduced from $6,237.81 to $4,737.81. The attorney’s share would be reduced from $3,743.44 to $2,262.19 including his disbursements in the sum of $18.75.
The plaintiffs attorney refuses to consent to this division of the settlement proceeds. He will not consent to a reduction of his fee. He argues that the court can direct payment of the sum of $2,433.23 to the plaintiff without reducing his fee by reducing the hospital’s share by such sum. The sum of $2,433.23, he states, is an attorney’s fee based on the Judicial Conference sliding scale that should be charged the hospital for collecting the $6,237.81 lien. As authority, he cites the case of Matter of Koutrakos v Long Is. Coll. Hosp. (78 Misc 2d 39). In the Koutrakos case, the trial court assessed a portion of the attorney’s fee against the Workmen’s Compensation lien of an insurance carrier. The argument of the plaintiffs attorney is wholly without merit. The insurance carrier in the Koutrakos case (supra) appealed the order of the trial court. On appeal, *825 the Appellate Division, Second Department, unanimously modified the order of the trial court and required full reimbursement to the insurance carrier of its Workmen’s Compensation lien with no reduction by charging an attorney’s fee against it. (Koutrakos v Long Is. Coll. Hosp., 47 AD2d 500.)
Moreover, the validity of the hospital lien under section 189 of the Lien Law has not been challenged nor is the value of any of the charges in issue. Thus, the court does not have discretionary power to impose a reduction of the hospital lien. (Lien Law, § 189; Livingston v Zimmerman, 5 AD2d 812; Irizarry v Pinto, 284 App Div 944.)
In a letter addressed to the court, plaintiffs attorney states: "While it is unfortunate that Mrs. Wade receives nothing except what the Court may allow her by way of reduction of the hospital lien, a lawyer is not expected to be a charitable agency dispersing his fee to those clients who suffer unforseen reverses in their litigation. In the instant matter, I was able to secure a maximum recovery and I feel that a reduction of fee will constitute a penalty for my diligence. I believe that an equitable solution can be reached via the precedent outlined above. I plan to await the entry of an order on this motion.”
The court’s experience which spans many years as an attorney and as a Judge finds this lawyer’s unco-operative attitude most unusual for a member of the New York Bar. It is not worthy of further comment.
Ordinarily, an attorney’s compensation is governed by a contract between the parties, express or implied [Judiciary Law, § 474]. Notwithstanding, section 474, it is a well-established proposition that our courts do retain a power of supervision.
The Court of Appeals in Gair v Peck (6 NY2d 97, 106) said: "Contingent fees may be disallowed as between attorney and client in spite of contingent fee retainer agreements, where the amount becomes large enough to be out of all proportion to the value of the professional services rendered.”
If the plaintiff were to receive no part of the settlement proceeds, the professional services rendered by her attorney would be of no benefit to her. His alleged "diligence” would benefit him, but not his client. This attorney has a local office in one of the borough’s depressed socio-economic neighborhoods. The plaintiff is a woman who is obviously inexperienced in business matters. Her attorney may not have been completely candid with her when he asked her to sign a *826 general release informing her "that it was in her best interests to accept the settlement.” For later when she learned that she was to receive nothing from the settlement, she filed a complaint with the grievance committee of the Brooklyn Bar Association. At the time he obtained her consent to the settlement, it was his duty to inform himself of all the facts as to how the settlement affected his client. Having done so, it was his duty to inform her before obtaining her signature to the general release and the settlement check that she was to receive nothing. The court does not doubt that had the attorney so informed his client and had she been properly advised, she would have refused to sign the general release or to endorse the settlement check. By settling the case before filing a note of issue and without the benefit of a pretrial conference or a trial conference, the plaintiff’s bargaining position with the hospital to reduce its lien was lost. Under all the circumstances, it would be unconscionable to deny the plaintiff a fair share of the proceeds of the settlement of her case.
In this situation, a fair contract becomes unfair in its enforcement. The lawyer’s retention of his full legal fee is unjustified and exposes him to an accusation of oppression and overreaching.
The court will not sit by and give its pro forma approval. It has the "power to compel attorneys to act equitably and fairly towards their clients”. (Robinson v Rogers, 237 NY 467, 472.)
Thus, in the case of Matter of Friedman (136 App Div 750, 752, affd 199 NY 537), the court stated in reducing a lawyer’s fee from the amount payable under his contingent fee retainer where its retention would expose the attorney to the "reproach of oppression and overreaching. He is an officer of the court and is judged as such, and technical contractual rights must yield to his duty as such officer.”
Matter of Friedman (supra) was cited approvingly in Gair v Peck (6 NY2d 97, 107, supra).
Under the special circumstances of this case, the court’s duty with respect to fixing the attorney’s fee is not perfunctory. The motion is granted to the following extent: The fee of the attorney for the plaintiff is fixed in the sum of $2,262.19 inclusive of his $18.75 disbursements; the lien of New York City Health and Hospital Corporation is reduced to the sum of $4,737.81 in accordance with its consent; the plaintiff’s attorney is directed to pay to his client out of the settlement proceeds, the sum of $3,000 as her share.