657 P.2d 1182

**Nancy Laura GUTIERREZ and Thomas McConnell, Plaintiffs-Appellants,**

v.

**Dennis S. GUTIERREZ and Gilbert Gutierrez, and the Regents of the University of New Mexico, d/b/a Bernalillo County Medical Center or University of New Mexico Hospital, Defendants-Appellees.**

**No. 14417.**

Supreme Court of New Mexico.

Feb. 7, 1983.

Alonzo J. Padilla, Albuquerque, for plaintiff-appellant McConnell.

Duran, Neundorf & Anderson, Ken Neundorf, Albuquerque, for plaintiff-appellant Gutierrez.

Poole, Tinnin & Martin, Douglas Seegmiller, Judy K. Kelley, Albuquerque, for Regents of University of N.M.

Civerolo, Hansen & Wolf, C. LeRoy Hansen, Albuquerque, for Dennis S. and Gilbert Gutierrez.

OPINION

RIORDAN, Justice.

Nancy Laura Gutierrez and Thomas McConnell (Plaintiffs) filed separate law-

suits in district court against Dennis and Gilbert Gutierrez seeking damages for personal injuries suffered in an automobile collision. Upon reaching separate settlement agreements with Dennis and Gilbert Gutierrez, Plaintiffs filed amended complaints against the Regents of the University of New Mexico (Regents) seeking to void or reduce the hospital liens filed by the University of New Mexico Hospital (UNM Hospital). The district court granted the Regents' motion to dismiss and motion for judgment on the pleadings. Plaintiffs appeal. We affirm.

The issue on appeal is whether the district court erred in determining that it lacked equitable or discretionary power to void or reduce the UNM Hospital liens which are created pursuant to Sections 48–8–1 through 48–8–7, N.M.S.A.1978.

Plaintiffs were injured in a two-car collision when a car driven by Dennis Gutierrez collided into Plaintiff Gutierrez' car in which Plaintiff McConnell was a passenger. As a result of their treatment at UNM Hospital, Plaintiff Gutierrez was billed $17,347.86 and Plaintiff McConnell was billed $4,271.10. Plaintiffs filed separate suits against Dennis Gutierrez and Gilbert Gutierrez, Dennis' father as the owner of the car. UNM Hospital then filed liens in the amounts for which Plaintiffs were respectively billed, pursuant to Sections 48–8–1 through 48–8–7.

Thereafter, Plaintiffs each agreed separately to accept $15,000.00 from Dennis and Gilbert Gutierrez in settlement of all claims. After learning that the Regents declined to compromise the amount of the hospital liens with the amount of the bills owed, Plaintiffs filed similar amended complaints against the Regents requesting the district court to enter an order voiding the hospital liens and making an equitable allocation of the recovery proceeds. Upon consideration of the motions, the district court granted the Regents' motion to dismiss and motion for judgment on the pleadings.

Plaintiffs argue that the district court erred in stating that it had no equitable power to stay the hospital liens and to equitably allocate the proceeds recovered from Dennis and Gilbert Gutierrez because *White v. Sutherland,* 92 N.M. 187, 585 P.2d 331 (Ct.App.), *cert. denied,* 92 N.M. 79, 582 P.2d 1292 (1978), allows "equitable" considerations to apply to UNM Hospital liens. We disagree.

The district court specifically found, "that in the absence of a binding agreement of compromise between the parties, the district court lacks equitable or discretionary power to void or reduce the amount of Plaintiffs' debts to the Regents or the hospital liens, which by statute are enforceable by a suit at law."

Section 48–8–1 provides:

A. Every hospital located within the state that furnishes emergency, medical or other service to any patient . . . is entitled to assert a lien upon that part of the judgment, settlement or compromise going, or belonging to such patient, less the amount paid for attorneys' fees, court costs and other expenses necessary thereto in obtaining the judgment, settlement or compromise. * * *

B. A hospital lien may be filed upon damages recovered, or to be recovered, either as a result of a judgment, or upon a contract of settlement or compromise, for the amount of the reasonable, usual and necessary hospital charges for treatment, care and maintenance of the injured party in the hospital and to the date of payment of the damages.

Nevertheless, because UNM Hospital is a *public* hospital, Section 48–8–1 must be read in light of Article IV, Section 32 of the New Mexico Constitution, which provides in pertinent part:

No obligation or liability of any person * * * owing to the state * * * shall ever be exchanged, transferred, remitted, released, [or] postponed * * *, nor shall any such obligation or liability be extinguished except by the payment thereof into the proper treasury, or by proper proceeding in court.

After reviewing Article IV, Section 32, in its relationship to Sections 48–8–1 through 48–8–7, we determine that the New Mexico Constitution prohibits UNM Hospital from accepting payment of less than the full amount of an undisputed legal obligation as a satisfaction. *See Dade County v. Bodie,* 237 So.2d 553 (Fla.Dist.Ct. App.1970); *Wade v. Clemmons,* 84 Misc.2d 822, 377 N.Y.S.2d 415 (Sup.Ct.1975); *see also* 1971 Op. Att'y Gen. 71–16. The State cannot compromise the amount owed to it unless a good faith dispute exists as to the amount of indebtedness or liability. *See* 1971 Op. Att'y Gen. 71–16.

Plaintiffs claim that the "equitable" principles applied in *White v. Sutherland, supra,* should also be applicable in the present case. We disagree. In *White v. Sutherland, supra,* the Court of Appeals construed Article IV, Section 32 in its relationship to Section 13–1–20.1, N.M.S.A.1953 (Repl.Vol. 3, pt. 1 1976), which is now compiled as Section 27–2–23, N.M.S.A.1978 (Repl.Pamp. 1982). Section 27–2–23 pertains to the recovery of medical assistance payments made by the Department of Human Services (DHS) from third parties who are legally liable for such payments. Section 27–2–23 specifically states that DHS "is *subrogated* to any right of the recipient against a third party for recovery of medical expenses to the extent that the department has made payment. [Emphasis added.]" Therefore, *White v. Sutherland, supra,* held that because the legislature specifically provided for "subrogation", and because "subrogation" was historically an "equitable" remedy, Section 27–2–23 is subject to "equitable" principles.

In the present case, we similarly construe Article IV, Section 32, but do not deal with Section 27–2–23. Sections 48–8–1 through 48–8–7, which create and provide for the hospital liens, do not provide for any specific equitable remedy, such as subrogation, which was at issue in *White v. Sutherland, supra.* In fact, Section 48–8–3(B) provides that "[a]ny hospital may enforce its lien by

a *suit at law* * * * [Emphasis added.]" Because we are construing the rights of UNM Hospital pursuant to Sections 48–8–1 through 48–8–7, which deal with rights to enforce hospital liens in a suit at law, as opposed to the rights of DHS pursuant to Section 27–2–23, which deals with the right of subrogation of medical expenses, we decline to apply *White v. Sutherland, supra,* in the present case.

After reviewing the record, we determine that the district court did not err in finding that it had neither the discretion nor the equitable power to void or reduce the amount of the two UNM Hospital liens. The district court judgment is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.