1997-NMSC-046

945 P.2d 449

David L. SCHROEDER, Plaintiff–
Appellee and Cross–Appellant,

v.

MEMORIAL MEDICAL CENTER,
Intervenor–Appellant and
Cross–Appellee.

No. 23704.

Supreme Court of New Mexico.

Aug. 27, 1997.

Reeves, Chavez, Greenfield & Walker, P.A., William R. Anderson, Las Cruces, for Intervenor–Appellant and Cross–Appellee.

Edward L. Triviz, P.A., Edward L. Triviz, Las Cruces, for Plaintiff–Appellee and Cross–Appellant.

## OPINION

FRANCHINI, Chief Justice.

1. In this case we are asked again to address the question whether a public hospital, which files a lien under NMSA 1978, §§ 48–8–1 to –7 (1961, as amended 1995) (the Hospital Lien Act), is liable for attorney fees and costs incurred by a patient in pursuing personal injury claims. We recently held that a public hospital will not be liable for fees and costs. *Eaton, Martinez & Hart, P.C. v. University of New Mexico Hosp.,* 1997 NMSC 015, 123 N.M. 76, 934 P.2d 270. We take this opportunity to affirm and expand our holding in *Eaton,* to address somewhat different arguments raised in this case, and to clarify what constitutes disbursement of insurance policy proceeds triggering the commencement of the period by which the statute of limitations is measured.

2. On May 9, 1988, David L. Schroeder (Schroeder) was injured in an automobile accident. Schroeder was treated for his injuries at Memorial Medical Center (Memorial). Memorial filed a Notice of Hospital Lien on May 20, 1988, and on June 23, 1988, filed an Amended Notice of Hospital Lien. Together the liens totaled $28,671.20.

3. Schroeder sued the driver, Karyn Marie Barlow, her father, Larry Barlow, and the Barlows' insurance company, State Farm Mutual Automobile Insurance Company (State Farm). Following a jury trial Schroeder received a verdict against Karyn Marie Barlow of $150,000.00; he was awarded $106,000.00 in compensatory damages and $44,000.00 in special damages, as well as costs about which there was no dispute or objection. Schroeder's motion for prejudgment interest was denied. The court granted the Defendant's motion on a directed verdict in favor of Larry Barlow and dismissed Schroeder's complaint against him with prejudice. Plaintiff appealed the directed verdict.

4. On July 15, 1991, Karyn Marie Barlow filed a Motion to Implead Insurance Proceeds, asking the court to accept her applicable insurance policy limits of $25,000.00 into the court registry. The court granted this motion, by order dated September 12, 1991. Following proceedings not directly related to this case, on March 20, 1995, the district court determined that the policy limits and maximum amount for which State Farm could be held responsible was $25,000.00. On April 3, 1996, following several other proceedings not directly related to the issue before us, the court entered an Order of Disbursement. The Order awarded Schroeder attorney costs in the amount of $7,711.60 out of the funds deposited by State Farm, leaving $17,078.40 remaining in the court registry. At no time did Memorial object to the payment of these costs. The Order further awarded seventy-three percent of the remaining proceeds to Schroeder and his attorney, and awarded twenty-seven percent of the remaining proceeds to Memorial. Plaintiff's attorney was awarded one-third of the amount awarded to Memorial as reasonable attorney fees. Memorial appealed from the Order objecting to the allocation and claiming that the plaintiff's attorney fee award should not have been deducted from its share of the proceeds. The Court of Appeals certified this case to us as it presents a significant question of law under the constitution of New Mexico and an issue of substantial public interest. NMSA 1978, §§ 34–5–14(C)(1) to –(2) (1972).

5. A public hospital, which has filed a lien under the Hospital Lien Act, is not liable for attorney fees and costs incurred by its patients in pursuing personal injury claims. *Eaton,* 1997 NMSC 015, 123 N.M. 76, 934 P.2d 270. In this case, Memorial, a public hospital, filed a lien under the Hospital Lien Act to assure that Schroeder's hospital bill would be paid in full. Schroeder's recovery of $150,000.00 was sufficient to cover his hospital bill and pay attorney fees and costs. We recently explained in *Eaton* that, in a case such as this one, a claim for attorney fees is in effect based on contract and, where a public hospital has filed the lien, we cannot grant recovery on the basis of quantum meruit, implied contract, or unjust enrichment. *Id.* at ¶ 12. "The Legislature has imposed a statutory requirement that a contract claim must be supported by a writing in order for it to be enforceable against the State." *Id.* at ¶ 9 (citing NMSA 1978, § 37–1–23(A) (1976)).

6. Schroeder argues that Memorial is liable for a proportionate share of attorney fees and costs in this case because his recovery was not sufficient to make him whole. Although it is the purpose of compensatory damages to provide whole and just compensation, *Camino Real Mobile Home Park Partnership v. Wolfe,* 1995 NMSC 019, ¶ 22, 119 N.M. 436, 891 P.2d 1190, under the American Rule the prevailing party normally does not receive attorney fees. Where the lien of a private hospital is concerned, we apply the common-fund doctrine in an attempt to make the parties whole. However, in the case of a public hospital, Section 37–1–23(A) controls. Pursuant to that statute we conclude that the court erred in applying the common fund doctrine to the remaining $17,078.40 and by deducting the attorney fees.

7. Schroeder further argues that Memorial's lien may not properly be asserted because the statute of limitations has run on Memorial's claim. He advances the theory that the statute of limitations is tolled from the date State Farm deposited $25,000.00 in the court registry. However, a hospital's cause of action for payment of policy proceeds commences when the patient receives payment. NMSA 1978, § 48–8–3(B) (1961).

8. In *Regents of UNM v. Lacey,* 107 N.M. 742, 764 P.2d 873 (1988) we held that an insurance company's delivery of a settlement check to plaintiff's attorney commenced the running of the statute of limitations. We looked to the ordinary language of the statute which provides, "[l]iability ... for the satisfaction of the hospital lien shall continue for a period of one year after the date of any payment of any money to the patient, his heirs or legal representative...." NMSA 1978, § 48–8–3(B). We held that the statute of limitations commenced when payment on the claim was made to plaintiff's attorney. *Lacey,* 107 N.M. at 744, 764 P.2d at 875. We concluded that plaintiff's attorney was his "legal representative" and payment to plaintiff's attorney constituted payment to plaintiff. *Id.* We explained that the statute of limitations began to run at the time the check was given to plaintiff's attorney. We looked first to the law of commercial transactions. There, the rule is that on the date a check is paid the underlying debt is absolved. *Id.* We further reasoned that payment to the plaintiff's attorney triggered the running of the statute of limitations. Since plaintiff's attorney was his client's representative, it was reasonable that the statute of limitations began to run when plaintiff's attorney received the check. In this case neither the rationale nor the holding of *Lacey* apply. Here, it was the court, not plaintiff's attorney, which held the funds. The court cannot be considered the representative of either party. Unlike *Lacey,* where a check was issued to plaintiff's attorney, in this case, the court had not ordered funds to be disbursed.

9. We agree with Memorial that *Regents of UNM v. Fireman's Fund Ins. Cos.,* 103 N.M. 709, 712 P.2d 1371 (1986) states the rule that should be applied in this case. In that case, on facts very similar to those here, we found that "payment to the patient," for Hospital Lien Act purposes, does not commence when an insurer deposits funds with the court. We looked to the Hospital Lien Act, which states that the statute of limitations begins to run at the time payment is made to the patient, and found that, under Section 48–8–3(B), payment to the court could not constitute payment to the patient. In *Fireman's Fund,* at the time payment to the court was made, it was not known to whom the money was due. In this case, until the court's order of disbursement was entered it was not clear to whom, or in what amounts, the $25,000.00 would be distributed. We hold that under the Hospital Lien Act the statute of limitations runs from the time the court orders disbursement of insurance policy proceeds. In this case, the statute of limitations did not run on Memorial's claim.

10. We conclude that the court erred when it applied the common-fund doctrine to the $17,078.40 remaining in the court registry, and by giving Schroeder's attorney a proportionate share of his attorney fees from the amount it determined was due Memorial. The district court correctly rejected Schroeder's argument that the statute of limitations barred Memorial's claim. The portion of the district court order which applied the common-fund doctrine to the $17,078.40 remaining in the court registry is reversed and this case is remanded for an entry of judgment consistent with this opinion.

11. **IT IS SO ORDERED.**

MINZNER and McKINNON, JJ., concur.