624 A.2d 117

**Marie COLLAS and Ronald Collas, H/W, Appellants,**

v.

**Michael GARNICK, Esquire, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1992.

Filed March 10, 1993.

Reargument Denied May 17, 1993.

10

Armando A. Pandola, Jr., Philadelphia, for appellants.

Arthur W. Lefco, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

If a lawyer negligently advises a client regarding the effect of a release and the client, in reliance on the lawyer's advice,

signs a release which unintentionally has the effect of barring an action contemplated by the client, is the lawyer immune from liability because the release was executed as part of the settlement of a prior, separate action. The trial court held that the lawyer was immune from liability and sustained preliminary objections in the nature of a demurrer to a complaint filed by the client against the lawyer for legal malpractice. The client appealed. We reverse.

Marie Collas was injured in an automobile accident in 1986. At the time of the accident she was a passenger in the rear seat of a vehicle which collided with a vehicle owned by Park's Cleaners, Inc. She and her husband, Ronald, employed Michael Garnick, Esquire, to represent them in the pursuit of claims arising from the accident. Pursuant to this employment, Garnick caused a writ of summons to be issued against Park's Cleaners in October, 1987, and effected a settlement of the claims of Marie and Ronald Collas for two hundred forty-five thousand ($245,000.000) dollars.[1]

In order to complete the settlement, Marie and Ronald Collas were requested to execute a general release which, by its terms, released and discharged the other driver and all other parties, known or unknown, who might be liable for the damages sustained. Before signing the release, according to the averments of the present complaint, Marie Collas asked her lawyer if the release would have any impact upon her plan to sue the manufacturer of the vehicle in which she had been riding or any other tortfeasor. Her lawyer, she alleges, assured her that a viable cause of action against the designer and manufacturer of the car's seat belt system would survive the release which she was being asked to sign in connection with the settlement of her claim against Park's Cleaners. In reliance on Garnick's advice, according to the complaint, she and her husband signed the release. Garnick's advice, she alleges, was incorrect and was based on a negligent failure to interpret correctly the language of the release.

---

1. Marie Collas's injuries were to her intestines and to her back. She incurred medical expenses in excess of one hundred twenty thousand ($120,000.00) dollars.

In October, 1989, the Collases filed an action against the manufacturer of the seat belt restraining system of the vehicle in which Marie had been riding. The trial court held that the action was barred by the prior release and dismissed the action. The Superior Court affirmed, see *Collas v. Key Hyundai, Inc.*, 415 Pa.Super. 652, 601 A.2d 367 (1991). The Supreme Court denied allocatur, see 530 Pa. 630, 606 A.2d 900 (1992).

The Collases then filed an action against Garnick for legal malpractice. Garnick, however, filed preliminary objections in the nature of a demurrer to the complaint. The trial court sustained these preliminary objections and dismissed the complaint. The court held that the action was barred by the decision of the Supreme Court in *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick*, 526 Pa. 541, 587 A.2d 1346, *reh. denied*, 528 Pa. 345, 598 A.2d 27, *cert. denied*, —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). From the judgment entered in the trial court, the Collases have appealed to this Court.

In reviewing the trial court's ruling, we accept as true all factual averments contained in the complaint and all inferences reasonably deducible therefrom. We then determine whether, on the facts alleged, the law says with certainty that no recovery is possible. Where a doubt exists, that doubt is resolved in favor of the plaintiff. *Kemper National P & C Companies v. Smith*, 419 Pa.Super. 295, 299, 615 A.2d 372, 374 (1992); *Taras v. Wausau Insurance Companies*, 412 Pa.Super. 37, 42, 602 A.2d 882, 884, *allocatur denied*, 532 Pa. 657, 615 A.2d 1313 (1992).

The elements which must be alleged in order to state a cause of action for legal malpractice are: "the employment of the attorney or other basis for duty; the failure of the attorney to exercise ordinary skill and knowledge; and that such negligence was the proximate cause of damage to the plaintiff." *Liberty Bank v. Ruder*, 402 Pa.Super 561, 567, 587 A.2d 761, 764–765, *allocatur denied*, 528 Pa. 637, 598 A.2d 994 (1991). See also: *McHugh v. Litvin, Blumberg, Matusow & Young, P.C.*, 525 Pa. 1, 5, 574 A.2d 1040, 1042 (1990); *Rizzo v.*

*Haines,* 520 Pa. 484, 499, 555 A.2d 58, 65 (1989). A lawyer will be found to be negligent if he or she fails to possess and exercise that degree of knowledge, skill and care which would normally be exercised by members of the profession under the same or similar circumstances. *McPeake v. Cannon, Esquire, P.C.,* 381 Pa.Super. 227, 232, 553 A.2d 439, 441 (1989). The lawyer has a duty to inform himself or herself of the manner in which a proposed settlement affects the client and to inform the client regarding consequences thereof. 7A C.J.S. Attorney and Client, § 261 (1980), citing *Wade v. Clemmons,* 84 Misc.2d 822, 377 N.Y.S.2d 415 (1975). See also: *In re Snitoff,* 53 Ill.2d 50, 289 N.E.2d 428 (1972), *cert. denied, Snitoff v. Board of Managers of Chicago Bar Assn.,* 412 U.S. 906, 93 S.Ct. 2292, 36 L.Ed.2d 971 (1973). As one trial court has observed,

> a lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations.

*Lang v. Anton,* 40 D. & C.3d 47, 48 (Wash.1983). See also: *Ziegelheim v. Apollo,* 128 N.J. 250, 262, 607 A.2d 1298, 1304 (1992) (attorneys should advise clients with respect to settlements with the same skill, knowledge, and diligence with which they pursue all other legal tasks.). Although a lawyer is not expected to be infallible, he or she is expected to conduct that measure of research sufficient to allow the client to make an informed decision. 7A C.J.S. at § 257. In order for a lawyer to advise a client adequately, he or she is obligated to scrutinize any contract which the client is to execute, and thereafter must disclose to the client the full import of the instrument and any possible consequences which might arise therefrom. *Id.* at n. 96, citing *Ramp v. St. Paul Fire & Marine Insurance Co.,* 263 La. 774, 269 So.2d 239 (1972); *Gill v. DiFatta,* 364 So.2d 1352 (La.App.1978). See also: *Soderquist v. Kramer,* 595 So.2d 825 (La.App.1992); *Bush v. O'Connor,* 58 Wash.App. 138, 791 P.2d 915 (1990). The lawyer, moreover, must be familiar with well settled principles of law and the rules of practice which are of

frequent application in the ordinary business of the profession. *George v. Caton,* 93 N.M. 370, 377, 600 P.2d 822, 829 (1979).

The effect of a general release is a basic principle of contract law. In Pennsylvania, the decisions have repeatedly interpreted provisions similar to those in the instant release and have determined the effect thereof. See: *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989); *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961); *Mayer v. Knopf,* 396 Pa. 312, 152 A.2d 482 (1959); *Brosius v. Lewisburg Craft Fair,* 383 Pa.Super. 454, 557 A.2d 27 (1989). It would appear, therefore, that allegations of plaintiffs' complaint, which suggest that the defendant-lawyer failed to exercise care and thereby misinterpreted the effect of the release which his clients had been asked to sign, were sufficient to state a cause of action for legal malpractice. The defendant-appellee, in his capacity as lawyer, had been requested specifically by his clients for advice regarding the effect of the language contained in the release and had given advice which was erroneous. Not only was it erroneous, but it fell below standards which the clients had a right to expect of their lawyer. If he was unfamiliar with the effect of a general release, he had a duty to conduct the necessary research to enable him to advise his clients regarding the effect of the contract about which the clients had requested advice.

The decision of the Supreme Court in *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick, supra,* has no application to the facts of this case and does not require a dismissal of the complaint. There, the plaintiffs had agreed to accept the sum of twenty-six thousand, five hundred ($26,500.00) dollars in full settlement of their claim for the death of a son who had died following surgery. In an action against their lawyers because of the alleged inadequacy of the settlement, the Supreme Court upheld an order dismissing the complaint. The Court said:

This case must be resolved in light of our longstanding public policy which encourages settlements. Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which that

plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement. Rather, only cases of fraud should be actionable.

*Id.* 526 Pa. at 546, 587 A.2d at 1348.

In the instant case, the plaintiffs have not alleged an inadequacy of the settlement negotiated by their lawyer. Instead, they complain that their lawyer negligently gave them bad advice about a written agreement which they had been asked to execute. The fact that the written agreement was prepared as part of the settlement of their prior action was incidental; it did not relieve counsel of an obligation to exercise care in determining the effect of the agreement which his clients were being asked to sign. This was particularly so where, as here, the clients had specifically asked the lawyer regarding the effect of the release and had told him of their plans to file a second action for the wife-claimant's injuries. With respect to his advice regarding the agreement of release, counsel was required to exercise the same degree of care as he or she would have exercised in advising a client about a complex agreement not a part of the settlement of a legal action.

The present action also is not controlled by the recent decision of the Superior Court in *Miller v. Berschler,* 423 Pa.Super. 405, 621 A.2d 595 (1993). There, a husband filed an action for legal malpractice against a lawyer who had failed to advise the client that under the Divorce Law in Pennsylvania a duty to pay alimony terminated at such time as the receiving wife entered into cohabitation with another man. As a consequence, the client had entered into a marital settlement agreement which required him to pay alimony even though his wife was cohabiting with another man. The Superior Court, relying upon the decision of the Supreme Court in *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick, supra,* held that because the husband had agreed to the marital

settlement, he could not maintain an action against the lawyer who had failed to advise him fully of the applicable law.

In the instant case, the plaintiff-appellants do not complain of the settlement in their action against Park Cleaners. The prior action, they agree, was fully settled, and they do not wish to open it or be compensated for any inadequacy therein. Before signing a release, however, they asked their lawyer whether the release would affect adversely an action which they planned to bring against the manufacturer of the seat belt assembly. This, in effect, was a request for advice and legal assistance in connection with a separate action. It was in regard to this separate action that the defendant-lawyer failed to exercise that degree of care which his clients were entitled to expect. Because he failed to exercise that degree of care which a lay person has a right to expect from a practitioner of the law, the plaintiff-appellants lost their right to maintain an action against the manufacturer of the seat belt assembly. To an action for legal malpractice of such a nature, the decision in *Miller v. Berschler, supra,* does not speak.

If the averments of the complaint are correct, the defendant-lawyer's negligence resulted in the defeat of a claim which his clients intended to pursue. In determining whether there is liability, the lawyer's conduct must be measured according to the same standard applicable to a missed statute of limitations. A different standard does not apply merely because the lawyer's negligence, if any, occurred as part of the settlement of another claim.

Reversed and remanded for further proceedings. Jurisdiction is not retained.