629 A.2d 1037

**Joseph J. MARTOS, Appellant,**

v.

**Augustine CONCILIO, Esq., Appellee.**

Superior Court of Pennsylvania.

Argued July 1, 1993.

Filed Aug. 23, 1993.

William T. Renz, Doylestown, for appellant.

Frederic Roller, Philadelphia, for appellee.

Before DEL SOLE, BECK and HESTER, JJ.

DEL SOLE, Judge.

This is an appeal from the order of the Court of Common Pleas of Lehigh County granting the preliminary objections of the defendant, Augustine Concilio, Esquire, and dismissing the complaint of plaintiff, Joseph T. Martos. Finding no abuse of discretion or error of law by the trial court. We affirm.

In April, 1987, Martos retained the services of Concilio to represent him in a domestic action. In August, 1987, Martos and his former wife reached a preliminary agreement on a property settlement, which they modified in February, 1988 by executing a new settlement agreement. The new agreement was made part of a stipulation between Martos and his former wife, and it resolved the issues of personal property distribution and physical custody of the couple's children. The issues of alimony, debt repayment and other financial obligations were to be decided by the trial court, since the parties could not reach an agreement. The parties agreed to abide by judicial determination on these issues.

On March 2, 1988, the stipulation to which Martos and his former wife agreed became a court order and the trial court appointed a master to conduct hearings, draw conclusions and make recommendations regarding the issues left for judicial determination.

On January 31, 1991, the trial court issued an order adopting the master's recommendations. In response to exceptions filed by both Martos and his former wife, the trial court amended the order and partially modified the master's recommendations. Following this disposition, the financial consequences to Martos totalled in excess of $250,000.00.

Displeased with the results under the settlement agreement, as amended in February, 1988, Martos instituted an action sounding in legal malpractice and breach of contract against Concilio. Martos alleged that he suffered damages as a result of Concilio's alleged failure to adequately represent him in negotiations of the settlement agreement. Specifically, Martos claimed that Concilio was incompetent in advising that the previously executed agreement be opened by stipulation,

thus permitting renegotiation of items which were previously foreclosed. Martos also claimed that Concilio was negligent in his calculation of damages and in his representation at various court appearances.

Concilio filed preliminary objections in the nature of a demurrer. The trial court entered an order granting the preliminary objections and finding the complaint legally insufficient, without allegations of fraud. Martos now appeals from this order.

Martos asserts that the trial court erred in granting preliminary objections which raised factual issues outside the pleadings and impermissibly constituted a "speaking demurrer" which introduced matters not in the record. He also claims that the trial court erred in holding that fraud in the inducement is an element of legal malpractice or breach of contract, when the malpractice averred in the complaint was also alleged to be independent and unrelated to the settlement agreement. We find no merit to either of these claims.

First we will address Martos' claim that he had alleged the requisite elements to establish a prima facie cause of action for legal malpractice, and was not required to plead fraud in the inducement. Martos cites the recent decision by this court in *Collas v. Garnick,* 425 Pa.Super. 8, 624 A.2d 117 (1993), as controlling. In *Collas,* the plaintiffs were involved in an automobile accident and, under the advice of their attorney, settled the matter with the driver of the other automobile by signing a general release. Prior to the execution of the release, the plaintiffs specifically asked about other possible lawsuits and were assured by their attorney that the release would have no effect on any subsequent actions against other potential tortfeasors. Thereafter, the plaintiffs attempted to sue the manufacturer of the vehicle's seatbelts; however, their claim was barred by the general release and the action was dismissed. We held that counsel's advice concerning the effect of the release was negligent, and that because the plaintiffs were not alleging an inadequacy in the settlement but were instead complaining that counsel negligently gave them bad advice concerning a written agreement,

the plaintiffs were not required to allege fraud in the inducement. The prior action in which they signed the release had been completely settled; the action which they planned to bring against the seatbelt manufacturer was a separate and distinct action. It was in regard to this separate action that counsel failed to exercise the requisite degree of skill to which his clients were entitled. Therefore, we held that the requirement that the plaintiff plead fraud in the inducement when challenging counsel's representation regarding settlement, which was pronounced in *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick,* 526 Pa. 541, 587 A.2d 1346, *reh. denied,* 528 Pa. 345, 598 A.2d 27, *cert. denied,* —— U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991), was inapplicable. Thus, *Collas* differs from the instant case, which involves only a single settlement with no other actions contemplated. No other potential lawsuits are implicated apart from Martos' divorce settlement, which was a continuous process and had no possible effect on any subsequent action. Therefore, the reasoning in *Collas* is inapplicable to the instant matter.

Instead, the reasoning of *Muhammad* pertains to the action brought by Martos against his attorney. In *Muhammad,* the Pennsylvania Supreme Court stated:

> This case must be resolved in light of our longstanding public policy which encourages settlements. Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which that plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement. Rather, only cases of fraud should be actionable.

*Muhammad* at 546, 587 A.2d at 1348.

Here, the record reveals that Martos explicitly agreed to the modifications of the stipulation which merged the original settlement agreement. Martos further agreed to allow the trial court to decide certain aspects of marital distribution.

He cannot now be permitted to assuage his dissatisfaction with the consequences of his decision to settle by seeking redress against his attorney, absent a specific allegation of fraudulent inducement. Indeed, as we stated in *Miller v. Berschler*, 423 Pa.Super. 405, 621 A.2d 595 (1993):

> Post-*Muhammad*, a party dissatisfied with the settlement agreement can only seek redress if it can establish that it was fraudulently induced into agreeing to settle, *and it is incumbent on the client to plead with specificity fraud in the inducement.*

*Miller* at 406–07, 621 A.2d at 595 (quoting *Muhammad* at 552–553, 587 A.2d at 1351) (emphasis added).

Therefore, because Martos failed to plead with specificity fraud in the inducement, the trial court did not err in finding Martos' complaint legally insufficient and in dismissing it. Because the complaint was legally insufficient on its face, the other issue raised by Martos concerning which facts were considered by the trial court in its decision to grant Concilio's preliminary objections is rendered moot. Regardless of whether the trial court erred in its consideration of factual matters, the fact that Martos' complaint failed to include the specific allegations of fraud precludes our granting the relief sought by Martos on appeal. Accordingly, we affirm the order of the trial court.

Order affirmed.