643 A.2d 673

**Melvene J. SPIRER, Appellee,**

v.

**FREELAND & KRONZ, Attorneys at Law, and Craig A. McClean, Esquire, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1994.

Filed April 14, 1994.

Reargument Denied June 17, 1994.

Dennis J. Roman, Pittsburgh, for appellants.

John M. Silvestri, Pittsburgh, for appellee.

Before BECK, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The plaintiff-appellee, Melvene J. Spirer, instituted the instant legal malpractice action against defendant-appellees Freeland & Kronz, a law firm, and Craig A. McClean, an attorney formerly associated with that firm. After the plaintiff filed her complaint, defendants filed an answer and new matter. The plaintiff filed a reply to the new matter. Subsequently, the parties engaged in discovery, and defendants Freeland & Kronz then filed a motion for summary judgment with a supporting brief and affidavits. Plaintiff responded with a brief in opposition to the motion for summary judgment and filed opposing exhibits and affidavits. Following oral argument, the trial court issued an order denying the defendants' request for summary judgment. The trial court refused a request by defendants to modify its order to include a statement that the case involved controlling issues of law such as to justify an immediate appeal. The defendants thereafter filed a petition for review with our court, which was granted on March 17, 1993.

In our review of this appeal, several applicable standards are quite clear. A motion for summary judgment may

properly be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b); *Rybas v. Wapner*, 311 Pa.Super. 50, 52, 457 A.2d 108, 109 (1983). To determine the absence of a genuine issue of material fact, we must view the evidence in the light most favorable to the non-moving party and any doubts must be resolved against the entry of judgment. *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975). In doing so, we accept as true all well-pleaded facts in the non-moving party's pleadings, and give that party the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983). However, parties seeking to avoid the entry of a summary judgment may not rest upon the averments contained in their pleadings; to the contrary, they are required to show, by depositions, answers to interrogatories, admissions and/or affidavits, that there is a genuine issue for trial. Pa. R.Civ.P. 1035(d); *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). In ruling on a motion for summary judgment, the court must ignore controverted facts contained in the pleadings. *Younginger v. Heckler*, 269 Pa.Super. 445, 410 A.2d 340 (1979). We must recognize that summary judgment is to be entered only in those cases that are clear and free from doubt. *Krause v. Great Lakes Holding, Inc.*, 387 Pa.Super. 56, 563 A.2d 1182 (1989). Finally, we note that we will not reverse a trial court's ruling on a motion for summary judgment unless there has been an error of law or a manifest abuse of discretion. *Vargo v. Hunt*, 398 Pa.Super. 600, 601, 581 A.2d 625, 626 (1990).

 The defendant-appellants contend that the trial court erred in failing to grant summary judgment on two grounds. First, they argue that summary judgment was required under the rule enunciated by our Supreme Court in *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 526 Pa. 541, 587 A.2d 1346 (1991), rehearing denied, 528 Pa. 345, 598 A.2d 27 (1991), cert. denied, —— U.S. ——, 112 S.Ct. 196, 116

L.Ed.2d 156 (1991). In that case, which is more fully discussed below, it was held that a dissatisfied client plaintiff may not sue his or her attorney for malpractice, based upon retrospective unhappiness with the terms of settlement of litigation to which the plaintiff agreed, unless the plaintiff can show he or she was fraudulently induced to settle the original action. Thus, it is clear that only cases of fraud are actionable in such a setting. Secondly, the defendants argue that the trial court erred in failing to grant them summary judgment based upon their contention that the plaintiff's claim was barred by the applicable statute of limitations. They maintain, in that regard, that the plaintiff's action is grounded in negligence, and was instituted after the expiration of the applicable two year statute of limitations.

Both of the contentions raised on appeal by the defendants require that we carefully examine the pleadings as well as the other matters of record which were before the trial court when it ruled on the defendant's motion for summary judgment. The plaintiff's complaint alleged that on February 17, 1984, she entered into an oral contract with the defendants wherein they agreed to represent her in a divorce action instituted by her former husband. The complaint asserted that the defendants breached an alleged duty of good faith and fair dealing in their performance of their agreement with her. The complaint further stated that defendants' failure to perform their contractual obligations to her caused her to receive a distribution of marital property, alimony, and other available relief "in a deficient amount." The plaintiff testified at significant length in a deposition, and provided more details of her claims against defendants. Her testimony revealed that in June 1985, acting upon the advice of the defendants, she entered into a marital property settlement and separation agreement, as well as an addendum to that settlement agreement, with her former husband. She averred that she received a deficient share of marital property, alimony and other relief because the defendants failed to obtain sufficient and appropriate financial information concerning her husband's assets. She claimed their discovery efforts should have re-

vealed significantly more assets which could have been claimed as joint marital property.

Defendants have pointed out that the settlement documents signed by the plaintiff, in connection with her divorce, provided that she fully understood, acknowledged and accepted the settlement terms as fair and equitable. Further, the documents stated that the settlement was entered into freely and voluntarily by both the plaintiff and her former husband, and did not result from duress, undue influence, or any collusion or improper or illegal agreements. Finally, the settlement agreement set forth an acknowledgement by each of the parties that they had entered into the agreement voluntarily, with separate and independent advice as to their legal rights and obligations, and had consented to the agreement believing it to be fair, just, adequate and reasonable.

We shall first address the defendants' contention that summary judgment should have been granted based upon the rule enunciated in *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, supra.* In that case, the plaintiffs instituted an action for legal malpractice as a result of their dissatisfaction with the terms of settlement they had agreed to in a prior medical malpractice action in which they had been represented by the defendants. In his majority Opinion, Justice Cappy set forth a bright line rule to be applied in such cases:

> Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which the plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when the client has agreed to a settlement. Rather, only cases of fraud should be actionable. 526 Pa. at 368, 587 A.2d at 1348.

The Court explained that the primary reason negligence or breach of contract suits against lawyers would be disallowed, after a settlement had been negotiated by the attorneys, is that the allowance of such actions would create chaos in our

civil litigation system. The Court pointed out that attorneys would be reluctant to settle a case for fear some other enterprising attorney, representing a disgruntled client, would find a way to sue them for something that could have been done but was not. The Court refused to endorse a rule that would discourage settlements and increase substantially the number of legal malpractice cases. It sought to foreclose the ability of dissatisfied litigants to agree to a settlement and then to file suit against their attorneys in the hope that they would recover additional monies. Of particular note in the instant case, the Court stated clearly that in the event a litigant believes he has been fraudulently induced into a settlement by his counsel, he has the right to file suit, but in doing so must *allege with specificity* the acts that he claims are fraudulent.

■ We have examined the record in the instant case in light of the clear holding of the Supreme Court in *Muhammad*. It is evident that the plaintiff's complaint failed to allege with specificity any fraudulent acts on the part of the defendants. Moreover, neither the testimony of the plaintiff in deposition, nor any other matter in the record, provides any additional evidence to support an inference that the plaintiff has established a cause of action in fraud against her former attorneys. The complete absence of allegations or other inferences of fraud compels us to conclude that the trial court committed an error of law in failing to grant summary judgment to the defendants, based upon the directly applicable rule enunciated by the Supreme Court in *Muhammad*.

■ In view of our determination that summary judgment should have been granted in accordance with the holding in the *Muhammad* case, it is unnecessary to examine the merits of the statute of limitations contentions raised by the defendants. The *Muhammad* rule applies, whether plaintiff's action is deemed to be based on negligence or contract principles.

The order of the trial court is hereby reversed and summary judgment is entered for defendants. Jurisdiction is relinquished.