## Brotman v. Bernbaum

442

C.P. of Montgomery County, no. 88-19538.

CORSO, *J.*, March 7, 1997—Plaintiff, Barbara H. Brotman, instituted suit by summons on December 28, 1988, against defendants, Joel B. Bernbaum and Astor, Weiss & Newman.[1] A complaint was filed on March 28, 1996, alleging negligence by defendants during negotiations to modify the plaintiff's divorce settlement

---

1. Defendant Joel Bernbaum was a member of Astor, Weiss & Newman at all relevant times.

agreement. "Preliminary objections of Joel Bernbaum and Astor, Weiss & Newman" were filed on September 13, 1996, alleging "plaintiff's failure to proceed with reasonable promptitude." Following oral argument the court granted the preliminary objections by order dated December 20, 1996. Plaintiff filed a timely appeal, thus necessitating this opinion.

Pursuant to Pa.R.A.P. 1925(b), plaintiff filed a concise statement of matters complained of on appeal raising the following issues:

"(1) Did the honorable court of common pleas err in dismissing the case based on non pros when raised in a preliminary objection?

"(2) Did the honorable court of common pleas err in following *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) when the facts of the instant case are distinguishable?

"(3) Did the honorable court of common pleas err in determining as a matter of law, that there was not sufficient excuse causing a delay in the filing of the plaintiff's complaint, as required by *Penn Piping Inc. v. Insurance Company of North America, supra?*

"(4) Did the honorable court of common pleas err in following *Muhammad v. Strassberger (sic), McKenna, Messerm (sic), Shilobaod (sic) and Gutnick,* 526 Pa. 541, 587 A.2d 1346 (1991) when the facts of this case are more similar to the holding in *McMahon v. Shea,* 441 Pa. Super. 304, 547 A.2d 938 (1995) (*alloc. granted* 4/12/96)?"

## FACTS

Plaintiff commenced this action on December 28, 1988, by writ of summons. On March 19, 1991, the prothonotary of Montgomery County sent notice to the

parties of intention to terminate the case if an active status certification was not filed within 30 days pursuant to Montgomery County Local Rule 406. Plaintiff filed an active status certification on March 21, 1991. Based upon continued inactivity, on April 13, 1993, the prothonotary again sent notice to the parties of intention to terminate the case pursuant to Rule 406. Plaintiff again filed an active status certification, this time on April 19, 1993. After approximately 23 more months of inactivity, the plaintiff filed another active status certification on March 2, 1995. Approximately one year later, on March 28, 1996, plaintiff filed her complaint which was served on July 29, 1996.

Plaintiff's complaint alleges that defendant, Joel Bernbaum, acted beyond the scope of his authority as plaintiff's attorney and negotiated a settlement agreement that changed the previous divorce agreement. Plaintiff contends that the new agreement alters her medical coverage and that selling her stock has tax consequences which were not properly explained to her.

## DISCUSSION

"The standard to grant an order sustaining preliminary objections in the nature of a demurrer is: all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true. However, [the court] cannot accept as true conclusions of law. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which relief may be granted. A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for

relief under any theory." *Zerr v. Erie Insurance Exchange,* 446 Pa. Super. 451, 454, 667 A.2d 237, 238 (1995), citing *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994). (citations omitted)

*1. 2. 3. The Court Did Not Err in Dismissing Defendant's Case Based on Non Pros. The Court Did Not Err in Following Penn Piping. There Was Not Sufficient Excuse for the Delay in Filing Plaintiff's Complaint*

"It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof." *Gallagher v. Jewish Hospital Assn,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967). *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992).

"[T]he circumstances in which a court may exercise its discretion to enter a judgment of non pros, are (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party." *Penn Piping Inc. v. Insurance Co. of North America, supra* at 354, 603 A.2d at 1008, citing *James Brothers Lumber Co. v. Union Banking and Trust Co.,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). The rule of *James Brothers* was modified, to some extent in *Shrum v. Philadelphia Electric Co.,* 440 Pa. 383, 269 A.2d 502 (1970), which

holds that a lapse of time may in itself be presumptively prejudicial. *Penn Piping Inc. v. Insurance Co. of North America, supra* held that, "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009. (footnote omitted)

Plaintiff failed to proceed for two 25 month periods with a third lapse of almost 23 months. During these time periods the only activity was plaintiff filing active status certifications. This delay, absent a compelling reason for the delay, is presumed prejudicial to defendant. *Id.*

Plaintiff alleges that *Penn Piping* is not applicable to this case because no pleadings had yet been filed in this case. Plaintiff cites no authority for this proposition. The mandate of *Penn Piping* is clear, "failing to proceed" is the prevailing factor. *Id.* There is no requirement that a complaint or other pleading must be filed to start the two year presumptive period. Without a compelling reason for the delay, the defendant's preliminary objections will be granted.

The compelling reason alleged by plaintiff for the delay was ongoing problems with her previous attorney. Plaintiff's complaint was filed pro se demonstrating her ability to proceed without counsel. Plaintiff's allegation that difficulty with her attorney caused the

delay is self-serving at best based upon her filing the complaint without counsel. Under these circumstances, plaintiff has not demonstrated a compelling reason for the delay.

Plaintiff also contends that defendants could have filed a rule to file a complaint and "forced the plaintiff's hand." The plaintiff, not defendants, bears the risk of not acting within a reasonable time to move a case forward. "If plaintiff's counsel finds (himself) faced with delays created by others, (he) must take action to move the case forward." *Pilon v. Bally Engineering Structures,* 435 Pa. Super. 227, 233, 645 A.2d 282, 285 (1994), *appeal denied,* 539 Pa. 680, 652 A.2d 1325 (1994).

4. *The Court Did Not Err Following Muhammad v. Strassburger, 526 Pa. 541, 587 A.2d 1346 (1991). The Facts Are Not More Similar to the Holding in McMahon v. Shea, 441 Pa. Super. 304, 547 A.2d 938 (1995) (alloc. granted 4/12/96)*

In *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick,* 526 Pa. 541, 587 A.2d 1346 (1991), *cert. denied,* 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991), the defendant-lawyers represented parents asserting a claim for medical malpractice which, allegedly, had caused the death of their son. The parents, following negotiations, agreed to settle their claim for the sum of $26,500. They subsequently became dissatisfied with the settlement and sought to avoid it. The trial court held that they were bound by their agreement and refused to permit them to withdraw. Thereafter, the parents filed an action against their attorneys for legal malpractice alleging that counsel had been negligent in recommending the settlement. The trial court

sustained preliminary objections in the nature of a demurrer and dismissed the action. Upon appeal, the Supreme Court held that the trial court had correctly dismissed the complaint for failure to state a cause of action for which relief could be granted. After reviewing the principles favoring the settlement of lawsuits, the court further reasoned as follows:

"Mindful of these principles, we foreclose the ability of dissatisfied litigants to agree to a settlement and then file suit against their attorneys in the hope that they will recover additional monies. To permit otherwise results in unfairness to the attorneys who relied on their client's assent and unfairness to the litigants whose cases have not yet been tried. Additionally, it places an unnecessarily arduous burden on an overly taxed court system." *Muhammad, supra* at 552, 587 A.2d at 1351.

Therefore, the court held:

"[W]e will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which that plaintiff agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement. Rather, only cases of fraud should be actionable." *Id.* at 546, 587 A.2d at 1348.

In *McMahon v. Shea,* 441 Pa. Super. 304, 657 A.2d 938 (1995) the Superior Court stated:

"The salutary policy which formed the basis for the Supreme Court's decision in *Muhammad* is not equally applicable where the lawyer's alleged negligence does not lie in the exercise of judgment regarding an amount to be accepted or paid in settlement of a claim, but, rather, in the failure to advise the client properly about

well established principles of law and the impact of an agreement upon the substantive rights and obligations of the client. A person about to enter a contract, all would agree, should be entitled to rely on the advice of his or her lawyer regarding the impact of the terms of the agreement. . . .

"With respect to counsel's duty to advise a client, he or she is required to exercise the same degree of care as if advising a client about an agreement which is not part of a settlement of pending litigation. See: *Collas v. Garnick,* 425 Pa. Super. 8, 624 A.2d 117 [1993]. See also: *White v. Kreithen,* 435 Pa. Super. 115, 121-22, 644 A.2d 1262, 1265 (1994) (client may maintain malpractice action where attorney's negligent conduct before settlement caused damage)." *Id.* at 312, 657 A.2d at 941.

The Superior Court continued by stating:

"The rule announced by the Supreme Court in *Muhammad* is limited to cases involving facts similar to those which caused the court's ruling. . . . *Muhammad* was also held to be determinative where the client merely expressed dissatisfaction with the amount of her marital award and averred that the lawyer's conduct had caused her to receive 'a deficient amount' of marital property, alimony and other available relief. *Spirer v. Freeland & Kronz,* 434 Pa. Super. 341, 344-46, 643 A.2d 673, 675 (1994). Finally, in *Martos v. Concilio,* 427 Pa. Super. 612, 629 A.2d 1037 (1993), *Muhammad* was held to be controlling where the lawyer's alleged negligence had consisted of an 'alleged failure to adequately represent (the client) in negotiations of the settlement agreement.' *[Martos,]* at 613, 629 A.2d at 1038. These are situations in which the client perceived a deficiency

in the lawyer's exercise of his or her professional judgment." *Id.* at 312-13, 657 A.2d at 941-42.

Attached to plaintiff's complaint are the notes of testimony from the June 2, 1987, proceeding and much of plaintiff's correspondence with the defendants. As such, they are part of the record. Plaintiff was present at this proceeding where her medical coverage was discussed three times. N.T., June 2, 1987, pp. 6, 11, 15. Plaintiff stated that she understood that she would have the responsibility for her own medical care. N.T., June 2, 1987, p. 15. Plaintiff's stock ownership was discussed twice. N.T., June 2, 1987, pp. 5-6, 10-11. Plaintiff was specifically asked by defendant if she understood and agreed to the modifications to the divorce agreement:[2]

"Q: Do you understand the agreement?

A: Yes.

Q: Do you understand all its terms?

A: Yes.

Q: It has been fully explained to you?

A: Yes.

Q: And in your mind you are satisfied with the agreement under the conditions; is that correct?

A: Yes."

Plaintiff was then asked:[3]

"Q: I want to make sure that you understand that beginning on March 1, 1988 you will be assuming all your own responsibility with respect to medical cov-

---

2. N.T., June 2, 1987, p. 13.
3. N.T., June 2, 1987, p. 15.

erage, insurance hospitalization and all medical bills of any kind? Do you understand that?

A: Yes."

It is clear that plaintiff represented to the court that she was advised of the consequences of the modifications and assented to them.

On June 2, 1987, a hearing was held on plaintiff's "petition to increase alimony." At that hearing, plaintiff's alimony was increased from $2,250 per month to $2,833 per month with an annual cost of living increase. In consideration for these concessions made by plaintiff's former husband, plaintiff was obligated to alter her stock ownership and medical coverage. Plaintiff became displeased with the modification and sought to be relieved therefrom.[4] When relief was not obtained, she filed suit against counsel.

Plaintiff does not allege that she failed to agree to the settlement modification, nor does she allege a fraudulent inducement to settle. *McMahon* deals with a written agreement and is not dispositive in cases involving the lengthy colloquy at issue here. *McMahon v. Shea, supra.* *Muhammad* is determinative "where the client merely expressed dissatisfaction with the amount of her marital award and averred that the lawyer's conduct had caused her to receive 'a deficient amount' of marital property, alimony and other available relief." *McMahon, supra* at 312, 657 A.2d at 942.

Plaintiff has not alleged fraud, and has failed to prove a compelling reason for the delay. Plaintiff cannot recover under *Muhammad.* The plaintiff's complaint was properly dismissed and the appeal should be denied.

---

4. Plaintiff's complaint exhibits B, C.