# Hackers Inc. v. Palmer

C.P. Lawrence County, no. 10361 of 2004, C.A.

*Andrew M. Menchyk Jr.,* for plaintiff.
*James R. Schadel,* for defendant.

WHERRY, *S.J.,* April 6, 2006—This matter is before the court for disposition of defendant's motion for summary judgment. The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. *Swords v. Harleysville Insurance Companies,* 584 Pa. 382, 883 A.2d 562, 566 (2005); Pa.R.C.P. 1035.2. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. *Id.* In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* The court may grant summary judgment only when the right to such a judgment is clear and free from doubt. *Id.,* 883 A.2d at 567.

The facts are as follows: In July of 2002, Hacker Inc. (plaintiff) purchased the assets of Quicksilver Golf Club Inc. Prior thereto, plaintiff retained Allen L. Palmer, Esquire (defendant), to prepare an asset purchase agreement.

The agreement provided that plaintiff was to assume many of Quicksilver's liabilities. Plaintiff claims that it was unaware of this assumption of liabilities and contends that its lack of knowledge was the result of defendant Palmer's failure to properly explain the agreement to plaintiff. Plaintiff also claims that defendant Palmer failed to complete and file appropriate documents relating to a liquor license with the Pennsylvania Liquor Control Board. As a result, plaintiff filed a complaint stating causes of action in negligence, breach of contract, and breach of fiduciary duty.

Defendant argues that it is entitled to summary judgment because plaintiff has failed to meet its burden of proving facts essential to these causes of action. Specifically, defendant claims that (1) plaintiff has presented no evidence that defendant Palmer breached his duty to plaintiff; furthermore, defendant also claims the record reflects that he acted in a manner that was careful, reasonable, proper, and at the very least, with the ordinary skill and knowledge required under the standard of care; (2) plaintiff has failed to prove causation and loss; (3) plaintiff's president signed the asset purchase agreement without reading it and is now precluded from complaining that he was unaware of its contents; (4) plaintiff's claim is barred by its own contributory negligence; (5) plaintiff has not supported its cause of action for an alleged breach of fiduciary duty; and (6) plaintiff's allegations regarding the liquor license are unsupported. See brief in support of motion for summary judgment pp. 10-21.

Plaintiff filed an answer and a brief in opposition to the instant motion. In response, defendant submitted an additional brief claiming that (1) plaintiff's subjective

intentions regarding the asset purchase were not articulated to the defendant; (2) plaintiff's affidavit is improper as it contradicts prior testimony and pleadings; and (3) plaintiff's affidavit should be disregarded because it contains information not personally known to the plaintiff. See defendant's response to plaintiff's brief in opposition to motion for summary judgment (response) p. 1.

With respect to defendant's claim that plaintiff has presented no evidence of a breach of duty, an attorney has an obligation to exercise care in determining the effect of an agreement which his clients were being asked to sign. *Collas v. Garnick,* 425 Pa. Super. 8, 15, 624 A.2d 117, 121 (1993). In order to advise a client adequately, a lawyer is obligated to scrutinize a contract and disclose to the client the full import and consequences of the instrument. *Fiorentino v. Rapoport,* 693 A.2d 208, 213 (Pa. Super. 1997).

Plaintiff claims that defendant Palmer never explained the clause of the asset purchase agreement that denoted what liabilities were assumed. See brief in opposition to motion for summary judgment at unnumbered page 10. To support its claim, plaintiff has submitted a deposition of defendant Palmer. In this deposition Mr. Palmer indicates that he didn't discuss what liabilities were or were not assumed because the clause in the contract was never questioned, and the language contained therein was "pretty self-evident." See deposition of A. Palmer at p. 56. This raises a material issue of fact that precludes the entry of summary judgment. Defendant Palmer certainly did not need to explain every word of the contract to plaintiff, but whether a reasonable attorney exercising the skill and care customary to the profession would have

determined it was necessary to explain the consequences of the clause at issue requires a factual determination.

With respect to defendant's second argument, in most legal malpractice cases, a plaintiff must not only prove that his attorney was negligent, he also must prove that but for this negligence, the result in the underlying case would have been different; this is known as the "case within a case" methodology of proving legal malpractice. See *e.g., Kituskie v. Corbman,* 452 Pa. Super. 467, 682 A.2d 378 (1996), *aff'd and remanded,* 552 Pa. 275, 714 A.2d 1027 (1998). However, this matter involved no underlying litigation; it is strictly a transactional matter. As a result, plaintiff cannot prove the result in the underlying litigation would have been different because there was no underlying litigation.[1]

However, although plaintiff cannot prove the result in any underlying litigation would have been different but for the alleged negligence of their attorney, plaintiff may still establish a claim for legal malpractice, viz., it must demonstrate three basic elements: (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman,* 552 Pa. 275, 281, 714 A.2d 1027, 1029-30 (1998). (citations omitted)

---

1. Defendant relies on the decision of the California Supreme Court in the case of *Viner v. Sweet,* 30 Cal.4th 1232, 1240, 70 P.3d 1046, 1051, 135 Cal.Rptr.2d 629, 636 (Cal. 2003), to support its argument that the "case within a case" methodology applies equally to transactional matters. See brief in support of motion for summary judgment p. 13. But defendant cites to no Pennsylvania authority to support this position and this court is not bound by the decision of the California Supreme Court.

An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. *Id.* As stated above, in a matter involving litigation, a plaintiff must prove that, *but for* his attorney's negligence, a different result would have occurred in the litigation. In a transactional legal matter, the proximate cause prong can be satisfied by showing that, *but for* this breach of professional duty, client would not have suffered an actual loss.

Plaintiff has submitted to the court a deposition of its former president, Mr. Charles Long, who stated that various liabilities would not have been incurred but for defendant's alleged negligence. See Long deposition pp. 160-64; 180-84; 191-94; 210-12; and 220-22. Mr. Long also testified that defendant was aware of his refusal to assume liabilities. *Id.* Plaintiff claims that it would not have incurred these liabilities but for the alleged negligent legal representation. These liabilities represent actual losses; whether these losses were proximately caused by any negligence attributable to defendant is an issue of material fact that precludes the entry of summary judgment.

Defendant next argues that plaintiff should be barred from recovery on a theory of contributory negligence. Pennsylvania law provides that the doctrine of contributory negligence is a complete defense in a legal malpractice action. *Gorski v. Smith,* 812 A.2d 683, 702 (Pa. Super. 2002). Contributory negligence is conduct on the part of a plaintiff which falls below the standard of care to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the

plaintiff's harm. *Id.* at 703. Contributory negligence may arise from a plaintiff's carelessness or from his failure to exercise reasonable diligence for his own protection. *Id.* However, in a legal malpractice case, Pennsylvania law provides that a client cannot be contributorily negligent as a matter of law for relying on a lawyer's erroneous legal advice or for failing to correct errors of the lawyer which involve professional expertise. *Gorski, supra* at 703.

Contributory negligence of a client in a legal malpractice action is a proper defense in those instances where the client has withheld or misrepresented information that is essential to the attorney's representation of the client; where the client has chosen to disregard the legal advice; or when the client has violated the instructions of the attorney. *Id.* at 703-704. Such actions by the client are a clear hindrance to the attorney's ability to adequately protect or advance the client's interests during the course of the attorney's representation. *Id.* Moreover, contributory negligence is an affirmative defense, and as such the burden of proof is on the defendant. *Smith v. Port Authority Transit,* 257 Pa. Super. 66, 71, 390 A.2d 249, 251 (1978).

Therefore, to prove plaintiff was contributorily negligent, defendant must prove plaintiff acted in some manner that represents a clear hindrance of defendant's ability to adequately protect or advance plaintiff's interests. In this case, if a reasonable attorney acting with the required level of skill and care would advise a client to read an asset purchase agreement before signing it, and defendant Palmer did not advise Mr. Long to read the agreement, plaintiff cannot be found contributorily negligent as a result of Mr. Long's failure to read the agree-

ment. But if a reasonable attorney acting with the required level of skill and care required would not advise a client to read the contract before signing it, Mr. Long's act of signing the contract without reading it could be considered a clear hindrance to defendant's ability to adequately protect or advance plaintiff's interests; and therefore would constitute contributory negligence. Defendant, who has the burden of proof, has not submitted evidence or supplied any Pennsylvania law[2] to support its contention that signing a contract without reading it, in and of itself, constitutes contributory negligence. As such, a material issue of fact exists and defendant is not entitled to summary judgment on the basis of contributory negligence.

With respect to defendant's argument that plaintiff has not supported its cause of action for breach of fiduciary duty, Pennsylvania common law imposes on attorneys the status of fiduciaries vis-à-vis their clients; that is, attorneys are bound, at law, to perform their fiduciary duties properly. *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 253, 602 A.2d 1277, 1283 (1992). It is axiomatic that an attorney who undertakes representation of a client owes that client both a duty of competent representation and the highest duty of honesty, fidelity and confidentiality. *Capital Care Corporation v. Hunt,* 847 A.2d 75, 84 (Pa. Super. 2004). "An *intentional*

---

2. Defendant cites to the recent decision of a Texas court in *McRanie v. Chamberlin, Hrdlick, White, Williams & Martin P.C.,* 2006 WL 278276, to support its contention that a client is not relieved of his duty to read a contract simply because he hires a lawyer. See response p. 3 n.3. However, Pennsylvania has not adopted a rule that failure to read a contract is considered de facto contributory negligence in a legal professional liability action.

misrepresentation to a client during any transaction where an attorney represents that client is clearly a violation of that attorney's duty of honesty." *Id.* (emphasis in original)

Defendant argues that plaintiff has not established that any confidential information was disclosed, and as such, he has not set forth a claim for breach of fiduciary duty.[3] However, plaintiff's claim is premised on the fiduciary duty of utmost honesty, not the duty of non-disclosure of confidential interest. Plaintiff claims that it is apparent from the deposition of Mr. Long that defendant Palmer made statements to Mr. Long that the agreement was written as expected, *i.e.,* it did not result in plaintiff incurring the liabilities at issue. Plaintiff supports this claim with the deposition testimony of Mr. Long at p. 155 and the deposition testimony of defendant Palmer at pp. 102-104. Whether defendant actually misrepresented the contents of the agreement to plaintiff, and whether this misrepresentation is actually apparent from Mr. Long's testimony, are material issues of fact that bar the entry of summary judgment as to the breach of fiduciary duty claim.

Defendant's next argument for summary judgment is that plaintiff's allegations regarding the liquor license are unsupported. Defendant argues that it cannot be held liable for any damages suffered because it was in the process of completing the transfer when defendant Palmer was discharged. Plaintiff claims, and supports this claim

---

3. Defendant cites to *Maritrans, supra,* as support for this argument. But the holding in *Maritrans* is not limited only to fiduciary duties involving misusing client confidences and representing conflicting interests. A plaintiff may seek redress for a breach of any fiduciary duty.

by an affidavit of Mr. Long, that the appropriate paperwork was overdue when it discharged defendant Palmer; and also that it incurred costs to correct his alleged failure to complete this task. A material issue of fact clearly exists as to whether defendant Palmer did or did not act with the requisite standard of care with respect to preparing the paperwork necessary to transfer the liquor license, and as such, summary judgment on this claim will not lie.

With respect to the first contention raised by defendant in its response, defendant claims that the statement of plaintiff's witness, Mr. Long, offered allegedly to communicate its desire not to assume liabilities, is insufficient. This statement is as follows: "[W]hen I asked Allen the question, Allen, are you covering all of our bases, and he tells me I got it covered, then I don't push him, and I didn't push him." See response p. 2. This statement is ambiguous, at best. It is not clear what the parties meant by "all of our bases" and what exactly would "cover" those bases. As such, an issue of material fact exists as to whether defendant was ever informed that plaintiff did not intend to assume Quicksilver's liabilities.

With respect to defendant's allegation that the affidavit submitted in response to the motion for summary judgment is defective, defendant claims that plaintiff's affidavit contains information not personally known and legal conclusions. Defendant is correct that plaintiff cannot testify as to facts absent personal knowledge thereof, nor can plaintiff offer legal conclusions. But, although any legal conclusions and improper testimony contained in the affidavit are inadmissible, the balance of the affidavit, combined with the deposition testimony submit-

ted, is sufficient to raise material issues of fact that preclude entry of summary judgment.

Defendant last argues that Mr. Long should not be permitted to deny he received various e-mails from defendant Palmer. In this affidavit, Mr. Long avers, among other things, that he did not receive or send e-mail correspondence; he did not authorize defendant Palmer to correspond by e-mail; and at no time did he correspond with defendant Palmer by e-mail. See brief in opposition to motion for summary judgment at exhibit 3, ¶¶4-6. These statements raise an issue of material fact as to whether the parties ever agreed to communicate via e-mail.

Defendant also argues that the court should apply the "mailbox rule" and presume that plaintiff received the e-mails. This argument is based upon a ruling by the United States Court of Appeals for the 8th Circuit. The court held that a jury is permitted to infer that information sent via any reliable means, including e-mail, is received. *American Boat Co. Inc. v. Unknown Sunken Barge,* 418 F.3d 910, 914 (8th Cir. 2005).[4] The presumption of receipt does not provide the court with a basis to enter summary judgment. It is clear from the decision of the 8th Circuit that the jury, not the court, is permitted to infer receipt of an e-mail communication.[5]

---

4. Defendant admits that no Pennsylvania law has addressed this subject. See response p. 8.

5. The 8th Circuit also determined that the e-mail recipients were entitled to an evidentiary hearing to rebut the presumption of delivery and receipt. *American Boat Co. Inc. v. Unknown Sunken Barge,* 418 F.3d 910, 914 (8th Cir. 2005). Even if the holding of the 8th Circuit represented the law in Pennsylvania, a factual determination would be required that would preclude the entry of summary judgment.

Hence, this order:

### ORDER

And now, April 6, 2006, defendant's motion for summary judgment is dismissed.